Reese J.
delivered the opinion.of the court.
This is the same case which was before the court in 1836, and which .is reported in 9 Yerger Rep. 253. The attitude of the parties is now changed, however, the plaintiff below having recovered a judgment, which he had failed to do on the previous trial. The present record varies from the former in this respect only, that the fact appears now to have been proven to the jury, though not before, that one of the-holders of the note knew the residence of the indorser, at the time of its dishonor. And it is insisted, that knowing that fact, neither the parties nor their agent, the notary public, could affect him with notice of the protest by directing, it to any post office other than the nearest to his residence,, however diligent they may have been in their inquiries, at the-place where the note was payable, if the result of such diligent inquiry should lead to a direction of the notice to any post office other than the nearest.
In by far the greatest number of cases between parties to commercial, paper, the residence of a party being known, his post office is known also, because designated by the same *71 name and place. But residences in the country may be known, and still the question of greater or less proximity to the country or village post office in the neighborhood of the residence remain one of much doubt and difficulty. The residence is a question of fact, and if due diligence be used and information be sought from the usual and proper sources, and the party confiding reasonably in the information received, direct to a post office, which turns out not to be the one nearest to the residence of the person to be affected by such notice, he shall be excused on account of the diligence used, and the party to whom notice was to be given shall be affect* ed thereby.
This question is substantially involved in the cases reported in 9 Yerger, 253; 7 Yerger, 305; and 5 Yerger, 67; and the principles we consider as settled by these cases. The very point is raised in the case of Davis vs. Williams, reported in Peck, 191, and we consider that case as having determined the principle in the same manner. That was a case agreed, and the court being clothed with the powers both of a court and jury, determined, that upon the facts of that case, indeed, the proper degree of diligence was not used; because they thought that to ascertain the question of proximity of post office to the known residence of Williams, the indorser, certain sources of information should be resorted'to, namely, maps and post office documents, the importance of which as calculated to establish the fact we think was overrated by the court. But still the court in that case place the question upon the proper ground, that of diligence or the want of it, in attempting to ascertain correct information.
Upon this ground the circuit court placed the cause before us in the charge to the jury. The verdict which they formed thereon, the court below refused to disturb, and a majority of the court believing that there is no error in the judgment of the circuit court, direct it to be affirmed.